IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-00124-FDW

| ROBERT JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) |  |
| JOHN GREENE; AUSTIN BARWICK; HENRY BARBER; CHARLES CARDWELL; LINVILLE WILES, *also known as* REAGON; DAVID SHORT; MICHAEL TRIVETTE; RICHARD STAL SMITH, | ) | **ORDER** |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint which he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.[1]

Plaintiff is a pretrial detainee who is confined in the Watauga County Detention Center in Boone, North Carolina. In his complaint, Plaintiff alleges that the defendants, who appear to be employed by the Watauga County Sheriff's Department, have been verbally harassing him since June 27, 2015, and that one or more of the defendants have intimated their interest in having a relationship with his wife and that at least one defendant has even called her on the phone and written to her. Plaintiff contends that this behavior has been very stressful to him and he requests that the conduct be ordered to terminate. (5:15-cv-00124, Doc. No. 1: Complaint at 4-5).

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1).

1

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted).

Plaintiff was a pretrial detainee at the time he filed his complaint and he is therefore bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In his complaint Plaintiff indicates that he filed a grievance on August 26, 2015, in which he complained about the verbal harassment and the attempts to contact his wife, and he notes that

he did not appeal the rejection of his grievance to the highest administrative level. (5:15-cv-00124, Doc. No. 1 at 2). Therefore, by his own admission it appears that Plaintiff has failed to exhaust his administrative remedies prior to filing his § 1983 complaint and his complaint should be dismissed on this basis alone.

In any event, the Court finds that Plaintiff's allegations do not entitle him to relief because he has failed to state a claim. First, Plaintiff's allegations that the defendants verbally harassed him or cursed at him do not demonstrate that his physical safety is at risk nor do the allegations rise to the level of an Eighth Amendment violation of the prohibition on cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (providing that prison authorities must take "reasonable measures to guarantee the safety of inmates.") (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). See also 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." ).

Secondly, save for Defendants Trivette, Greene, Cardwell, and Wiles, Plaintiff has failed to allege which of the other defendants verbally harassed him and to the extent that Plaintiff is seeking protection for his wife based on the alleged actions of Trivette, Cardwell, and Greene in attempting to contact her, the Court finds that Plaintiff lacks standing in a § 1983 proceeding to bring such a claim on her behalf.

In sum, while Plaintiff's allegations may at best present a state law claim for intentional infliction of emotional distress, that will not prevent the dismissal of his complaint because he has failed to state a federal cause of action.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: October 6, 2015

Frank D. Whitney
Chief United States District Judge